UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRYAN D. SMITH,<br><br>        Plaintiff,<br><br>v.<br><br>DOMINGO URIBE, Warden,<br><br>        Defendants. | Case No. 10CV545-BEN (JMA)<br><br>**REPORT AND RECOMMENDATION FOR ORDER DENYING MOTION TO DISMISS WITHOUT PREJUDICE AND PROVIDING NOTICE REGARDING POSSIBLE DISMISSAL OF PETITION FOR FAILURE TO EXHAUST STATE COURT REMEDIES** |

On March 10, 2010, Petitioner, a state prisoner proceeding pro se, filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. §2254, along with a Motion to Proceed in forma pauperis. [Doc. No. 1.] On March 23, 2010, the Court granted Petitioner's Motion to Proceed in forma pauperis and advised Petitioner he failed to allege exhaustion of his state court remedies as to all claims presented. [Doc. No. 4.] On April 13, 2010, Petitioner filed a First Amended Petition ("the Petition") alleging exhaustion of his state court remedies with respect to all claims presented. [Doc. No. 8.] On June 18, 2010, Respondent filed a Motion to Dismiss Petition contending Petitioner failed to exhaust all four of his claims. [Doc. No. 11.]

The Court has reviewed the record and, for the following reasons, RECOMMENDS United States District Judge Roger T. Benitez adopt the finding that Petitioner has filed a "mixed" petition, that is, one that contains exhausted and

unexhausted claims.  The Court further RECOMMENDS Petitioner be notified that he should inform the Court as to how he chooses to proceed with his mixed petition.  Finally, the Court RECOMMENDS the Motion to Dismiss be DENIED without prejudice.

## *BACKGROUND*

A jury convicted Petitioner of murder [Cal. Penal Code §187 (a)], found true the robbery special circumstance allegation [Cal. Penal Code §190.2(a)(17)], and found true the personal-arming allegation [Cal. Penal Code §12022.5(a)].  The trial court sentenced Petitioner to life without the possibility of parole plus five years.  [Lodgment 1, at 1-2, 830, 929.]  The California Court of Appeal, Fourth Appellate District, Division One affirmed the judgment on August 27, 2009.  [Lodgment 5, at 1.]  The California Supreme Court denied Petitioner's petition for review on December 17, 2009.  [Lodgment 7.]

## *DISCUSSION*

Respondent's primary argument in support of the motion to dismiss is the Petition advances only unexhausted claims.  Specifically, Respondent contends that in state court, Petitioner did not raise grounds one and two as *federal claims* and never raised grounds three and four. [Doc. No. 11, at 5.]

A state prisoner's federal habeas petition may not be granted if state remedies are unexhausted.  *See* 28 U.S.C. § 2254(b)(1)(A).  In most instances, a claim is exhausted once it is presented to a state's highest court.  (*See Sandgathe v. Maass*, 314 F.3d 371, 376 (9th Cir. 2002)).  Federal courts cannot consider petitions that contain both exhausted and unexhausted claims, often referred to as "mixed petitions." *(See Rose v. Lundy*, 455 U.S. 509, 522).  The filing of a mixed petition renders it subject to dismissal. *Id.*  A petitioner has satisfied the exhaustion requirement if he has "fairly presented" his federal claim to the highest state court with jurisdiction to consider it...."  *(Johnson v. Zenon*, 88 F.3d 828, 829 (9th Cir. 1996)).

A claim is fairly presented to the highest state court if it is presented in the federal habeas petition in a manner that is the  "substantial equivalent" of how it was presented

in the state courts. (*Pappageorge v. Sumner*, 688 F.2d 1294, 1295 (9th Cir. 1982)); *(Schiers v. California*, 333 F.2d 173, 174 (9th Cir. 1964)). There are at most three possible ways for a petitioner to exhaust a claim in state court. The petitioner must: (1) reference specific provisions of the federal constitution or statutes (*See Lyons v. Crawford*, 232 F.3d 666, 668, 670 (9th Cir. 2000) *as modified by* 247 F.3d 904 (9th Cir. 2001)); (2) cite to federal case law (*Id.);* or (3) cite to pertinent state case law explicitly applying federal law. *(Peterson v. Lampert*, 319 F.3d 1153 (9th Cir. 2003)).

***A. Ground One***

Respondent contends the federal claim that was presented to the state courts rested on a different factual theory than the claim presented here. [Doc. No. 11, at 5.] At the state appellate level, Petitioner claimed the preaccusation delay denied him due process of law and a fair trial in violation of the state and federal constitutions, "because the delay caused significant prejudice that was not outbalanced by any justification for the delay." [Lodgment 2, at 24.] Petitioner further contended, "the delay in charging appellant was done in reckless disregard of the circumstances known to prosecution that a key witness for the defense...was homeless and that delay in charging the case raised a heightened risk that he might become difficult to locate and unavailable to testify." [Lodgment 2, at 44.] Petitioner referred explicitly to the federal Constitution and cited two state cases[1] which analyzed the federal issue of preaccusation delay to support this contention. *Id.*

Petitioner again raised the unjustifiable and prejudicial preaccusation delay in the California Supreme Court, alleging the delay was reckless and "denied appellant his right to due process of law in violation of the Fifth and Fourteenth Amendments." [Lodgment 6, at 18.] Petitioner contended the witness became unavailable and the prosecution offered no justification for the delay. [*See* Lodgment 6, at 8,10.] Petitioner cited *People v. Nelson,* 43 Cal. 4th 1242 (2008) and *People v. Boysen*, 165 Cal.App.4th 761 (2007) in his petition to the California Supreme Court, both of which analyzed two

---

[1]*People v. Nelson,* 43 Cal. 4th 1242 (2008); *People v. Boysen*, 165 Cal.App.4th 761

federal cases[2] addressing the issue of preaccusation delay under the federal Constitution and federal court decisions. The *Nelson* court concluded

> [t]hus, *Lovasco*, *supra*, 431 U.S. 783, 97 S.Ct. 2044, and *Marion*, *supra*, 404 U.S. 307, 92 S.Ct. 455, indicated that delay undertaken to gain a tactical advantage over the accused, or delay incurred in reckless disregard of circumstances known to the prosecution suggesting that delay might prejudice the defense, would violate due process if the defendant demonstrates prejudice.

*Nelson*, 43 Cal.4th at 1253. The *Boysen* court held,

> Even if California Constitution article I, section 28(d) required we apply federal constitutional law in this context, there is no controlling federal law on the subject. Two United States Supreme Court cases, *United States v. Marion* (1971) 404 U.S. 307, 92 S.Ct. 455, 30 L.Ed.2d 468 and *United States v. Lovasco* (1977) 431 U.S. 783, 97 S.Ct. 2044, 52 L.Ed.2d 752, have considered the question of preaccusation delay, and while both cases note the prosecutorial concession that deliberate delay to disadvantage a defendant would constitute a denial of due process, neither holds that a showing of deliberate delay is required before a prosecution may be dismissed.

*Boysen*, 165 Cal.App.4th at 775.

Petitioner contends in ground one of the Petition, "[t]he 11 year delay in charging appellant denied him due process of law and a fair trial in violation of the state and federal constitutions because it caused significant prejudice from the loss of key eye witnesses [sic] testimony and no justification outbalanced the prejudice." [Doc. No. 8, at 6]. Respondent contends this claim was "purely a state-law claim in state court," and that in order to exhaust Petitioner must present the same factual basis and legal theory as he did in state court. [Doc. No. 11, at 6.] Respondent concedes Petitioner "exhausted a federal claim alleging reckless delay because the prosecution knew that [the eyewitness] was homeless and might become unavailable," but contends this argument is not the one advanced in the Petition. [Doc. No. 11, at 5.] Respondent contends the claim presented here is predicated on trial error in denying the motion to dismiss which was based on the delay. The Court, which has a duty to liberally

---

[2] *United States v. Marion* (1971) 404 U.S. 307; *United States v. Lovasco* (1977) 431 U.S. 783.

construe pro se filings, disagrees.

Petitioner argues in ground one of the Petition that the eleven year delay in charging him denied him due process of law in violation of the federal constitution because it caused him significant prejudice. [Doc. No. 8, at 6.] Petitioner argued to the California Supreme Court that reckless delay caused him prejudice in violation of his due process rights. Therefore, ground one of Petitioner's petition is based on a factual basis and a legal theory which is substantially the same as those presented to the state court. Petitioner claims his due process rights were violated by the government's preaccusation delay, because during that time a key witness became unavailable, thereby prejudicing his case.

Respondent's remaining contention as to why Petitioner did not exhaust ground one regards the terseness of Petitioner's federal claim. Respondent contends the federal claim "was made in one paragraph at the end of the brief," "was basically a throw away argument,"and, was presented "in a single sentence." Respondent therefore implies that brevity of a federal claim affects its exhaustion in the state courts. However, Respondent provides no authority in support of this conclusion. A related rule is that a petitioner does not exhaust state remedies by generally appealing to a broad constitutional provision alone. *(See Gray v. Netherland*, 518 U.S. 152, 163 (1996) (citing *Anderson v. Harless*, 459 U.S. 4, 7 (1982) (per curiam)); *(Shumway v. Payne*, 223 F.3d 982, 987 (9th Cir. 2000)). However, Petitioner here claims the eleven year delay was reckless and caused him significant prejudice from the loss of key eyewitness testimony. This claim is not merely a general appeal to a broad constitutional provision, but rather a specific claim made under the United States Constitution and federal and state case law.

In sum, this court finds Petitioner fairly presented his federal claim to the state courts and has, therefore, exhausted ground one of his Petition.

## B. Ground Two

Petitioner's second ground for habeas corpus relief is the trial court erred by admitting hearsay testimony of the unavailable witness to remedy the prejudice caused to Petitioner's case by the witness's unavailability. [Doc. No. 8, at 7.] Petitioner neither presented this claim in state court as a federal constitutional issue, nor cited federal legal authority to support the contention. The state court case Petitioner cited in support of this claim did not analyze federal authority on the issue. Consequently, Petitioner did not fairly present his second ground for habeas relief to the state courts as a federal issue. Petitioner, therefore, did not exhaust ground two of his Petition.

## C. Grounds Three and Four

Petitioner's third and fourth grounds for habeas corpus relief are also unexhausted. In ground three, Petitioner contends the trial court erred when it admitted one witness's testimony (Yolanda Fisher) because it was prejudicial and inadmissible under California Evidence Code §§ 352 and 1101. Although Petitioner did claim his case was prejudiced when the trial court admitted that witness's testimony, he did not cite any federal constitutional provision or law to support that claim. [Lodgment 6, at 20.] Ground three, therefore, is unexhausted. In ground four, Petitioner contends "cumulative error warrants reversal of [his] conviction." [Doc. No. 8, at 9.] Petitioner asserts this claim for the first time in the Petition. Ground four of the Petition is therefore unexhausted.

Thus, having determined the Petition is mixed and contains unexhausted claims, the Court RECOMMENDS that Petitioner be notified of the possible dismissal of the Petition and his options, as set forth below.

### *PETITIONER'S OPTIONS*

To avoid the Court dismissing the Petition on its own accord, Petitioner may choose one of the following options.

**I) First Option: Demonstrate Exhaustion**

Petitioner may file further papers with this Court to demonstrate that he has in

6

10CV545-BEN(JMA)

fact exhausted the claims the Court has determined are unexhausted.

### ii) Second Option: Voluntarily Dismiss the Petition

Petitioner may move to voluntarily dismiss his entire federal Petition and return to state court to exhaust his unexhausted claims. Petitioner may then file a new federal petition containing only exhausted claims. *See Rose*, 455 U.S. at 510, 520-21 (stating that a petitioner who files a mixed petition may dismiss his petition to "return to state court to exhaust his claims.").

Petitioner is cautioned that any new federal petition must be filed before expiration of the one-year statute of limitations. Ordinarily, a petitioner has one year from when his conviction became final to file his federal petition, unless he can show that statutory or equitable "tolling" applies. *(Duncan v. Walker*, 533 U.S. 167, 176 (2001)); (28 U.S.C. § 2244(d)).[3] The statute of limitations does not run while a properly filed <u>state</u> habeas corpus petition is pending. (28 U.S.C. § 2244(d)(2)); *(See Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999)). (*But see Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (holding that "an application is 'properly filed' when its delivery and acceptance [by the appropriate court officer for placement into the record] are in compliance with the applicable laws and rules governing filings.")); *(Bonner v. Carey*, 425 F.3d 1145, 1149 (9th Cir. 2005) (holding that a state application for post-conviction relief which is ultimately dismissed as untimely was neither "properly filed" nor "pending" while it was

---

[3]28 U.S.C. § 2244 (d) provides:
(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgement or claim is pending shall not be counted toward any period of limitation under this subsection.

under consideration by the state court, and therefore does not toll the statute of limitations, *as amended* 439 F.3d 993).  However, absent some other basis for tolling, the statute of limitations continues to run while a federal habeas petition is pending. *(Duncan*, 533 U.S. at 181-82).

### iii) Third Option:  Formally Abandon Unexhausted Claim

Petitioner may formally abandon his unexhausted claims and proceed with his exhausted ones.  *See Rose*, 455 U.S. at 510, 520-21 (stating that a petitioner who files a mixed petition may "resubmit[] the habeas petition to present only exhausted claims").

Petitioner is cautioned that once he abandons his unexhausted claims, he may lose the ability to ever raise them in federal court.  *(See Slack v. McDaniel*, 529 U.S. 473, 488 (2000) (stating that a court's ruling on the merits of claims presented in a first § 2254 petition renders any later petition successive)); *(see also* 28 U.S.C. § 2244 (a)-(b)).[4]

### iv) Fourth Option: File a Motion to Stay the Federal Proceedings

Petitioner may file a motion to stay this federal proceeding while he returns to state court to exhaust his unexhausted claims.  There are two methods available to Petitioner, the "stay and abeyance" procedure and the "withdrawal and abeyance" procedure.

If Petitioner wishes to use the "stay and abeyance" procedure, he should ask the Court to stay his mixed petition while he returns to state court to exhaust.  Under this procedure he must demonstrate there are arguably meritorious claim(s) which he wishes to return to state court to exhaust, that he is diligently pursuing his state court

---

[4] 28 U.S.C. § 2244(b)(2) provides that a claim presented in a second or successive habeas corpus application under § 2254 shall be dismissed unless:
(A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
(B) (I) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
(ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

remedies with respect to those claim(s), and that good cause exists for his failure to timely exhaust his state court remedies. (*Rhines v. Webber*, 544 U.S. 269, 277-78 (2005)).

If Petitioner wishes to use the "withdrawal and abeyance" procedure, he must voluntarily withdraw his unexhausted claim(s), ask the Court to stay the proceedings and hold the fully-exhausted petition in abeyance while he returns to state court to exhaust, and then seek permission to amend his petition to include the newly exhausted claim(s) after exhaustion is complete. *(King v. Ryan*, 564 F.3d 1133 (9th Cir. May 5, 2009)). Although under this procedure Petitioner is not required to demonstrate good cause for his failure to timely exhaust, the newly exhausted claim(s) must be either timely under the statute of limitations or "relate back" to the claim(s) in the fully-exhausted petition, that is, they must share a "common core of operative facts" with the previously exhausted claim(s). (*King*, 564 F.3d at 1143, quoting *Mayle v. Felix*, 545 U.S. 644. 659 (2005)).

In consideration of the petition containing unexhausted claims and the Court's instruction to Petitioner for a response as to how he intends to proceed with this mixed petition, it is premature to recommend the petition be dismissed. Therefore, the Court recommends the motion to dismiss be denied without prejudice.

## *CONCLUSION*

The Court RECOMMENDS District Judge Benitez DENY the motion to dismiss without prejudice; adopt the undersigned's findings that the petition is mixed with exhausted and unexhausted claims; notify Petitioner he has filed a petition that contains both exhausted and unexhausted claims that, therefore, is subject to dismissal; and, allow Petitioner to choose a course of action from the four options enumerated above. The Court further RECOMMENDS Petitioner be permitted 30 days from the date of entry of the District Judge's order to notify the Court which option he chooses and to file his responsive pleading. Respondent should be permitted 45 days to file a reply. If Petitioner fails to respond to the notification, the Court will recommend to the District

Judge assigned to this case that the Petition be dismissed without prejudice.[5]  *See Rose*, 455 U.S. at 522.

The undersigned submits this Report and Recommendation to District Judge Benitez pursuant to 28 U.S.C. § 636(b)(1).  IT IS ORDERED that no later than **November 17, 2010**, any party to this action may file written objections with the Court and serve a copy on all parties. The document should be captioned "Objections to Report and Recommendation."

IT IS FURTHER ORDERED that any reply to the objections shall be filed with the Court and served on all parties no later than **November 24, 2010.** The parties are advised that failure to file objections within the specified time may waive the right to raise those objections on appeal of the Court's order. *(Martinez v. Ylst*, 951 F.2d 1153 (9th Cir.1991)).

DATED:  November 9, 2010

_____
Jan M. Adler
U.S. Magistrate Judge

---

[5] Although the dismissal would be "without prejudice," Petitioner is again cautioned that any later federal petition may be barred by the statute of limitations.  *See* 28 U.S.C. § 2244(d)(1)-(2); *see also* footnote four of this Report and Recommendation.